IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEONARD C. JEFFERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 04-044E |
| V. ) | |
| ) | District Judge McLaughlin |
| SUPERINTENDENT WILLIAM WOLF; ) | Magistrate Judge Baxter |
| SECRETARY JEFFREY A. BEARD; ) | |
| GLENN McQUOWN; ROBERT BOEH; ) | |
| PATRICIA GAMBLE; MICHAEL ) | |
| SNYDER; PATRICIA McKISSOCK; ) | |
| UNIT MANAGER TIMOTHY ) | |
| HAMETZ; CHIEF GRIEVANCE ) | |
| CORD. THOMAS L. JAMES; SHARON ) | |
| M. BURKS; BARRY LOBDELL; C.O. ) | |
| CLEMENT; IVORY BARNETT; ) | |
| ZACHARY MOSLAK, ) | |
| ) | |
| Defendants. ) | Electronically Filed. |

**DEFENDANTS' ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

AND NOW, come the defendants Jeffrey Beard, Robert Boeh, Glenn McQuown, Patricia Gamble, Michael Snyder, Patricia McKissok, and Unit Manager Timothy Hametz,[1] by their attorneys, Thomas W. Corbett, Jr., Attorney General, Mary Lynch Friedline, Senior Deputy Attorney General, and Susan J. Forney, Chief Deputy Attorney General, Chief Litigation Section, and respectfully submit the following answer to Plaintiff's Third Amended Complaint:

FIRST DEFENSE

Defendants respond to Plaintiff's factual allegations as follows:

---

[1] Magistrate Judge Baxter's Report and Recommendation dated May 15, 2006 (which was adopted with an unrelated clarification by the District Court in its Memorandum Order of July 11, 2006) dismissed defendants Barnett, Burks, Moslak, James, Wolfe, Lobdell, and Clement.

  1. – 2.  The averments of paragraphs 1 and 2 are conclusions of law to which no response is required.

  3.  Admitted.

  4.  Defendant Wolfe was dismissed in accordance with the District Court's Memorandum Order of July 11, 2006.

  5.  Admitted only that defendant Beard is the Secretary of the Pennsylvania Department of Corrections. The remaining averments of paragraph 5 are denied.

  6.  Admitted.

  7.  Admitted.

  8.  Admitted.

  9.  Admitted.

  10.  Admitted.

  11.  Admitted.

  12 – 17.  Defendants James, Burks, Lobdell, Clement, Barnett, and Moslak were dismissed in accordance with the District Court's Memorandum Order of July 11, 2006.

  18.  The averments of paragraph 18 are conclusions of law to which no response is required.

**A. The 2002 Misconduct Report Incident**

  19 – 31.  Magistrate Judge Baxter's Report and Recommendation, issued on May 15, 2006 and adopted by the District Court on July 11, 2006, dismissed plaintiff's due process claims as they related to the misconduct he received in February of 2002. Thus, paragraphs 19 through 31, which allege only a violation of plaintiff's due process

rights under the Fourteenth Amendment of the United States Constitution, have been dismissed, and no response is necessary.

**B. Retaliation Against Defendants Gambel, Snyder, and McQuown Regarding Job Termination (per the District Court Memorandum Order of July 11, 2006)**

32 - 42.   At this time, defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraphs 32 – 42.

43.   Denied.

44.   Denied.

45.   Denied.

46.   Denied as stated.  The Pennsylvania Department of Corrections' Inmate Disciplinary System, DC-ADM 801, and the Inmate Handbook speak for themselves—to wit, the rules and regulations that inmates must follow while in custody concerning, *inter alia*, the possession of contraband, unauthorized writings apparently intended for distribution or circulation, and engaging in, or encouraging unauthorized group activity.

47.   Admitted only that inmates are encouraged to participate in Department of Corrections' educational programs, including poetry contests.  The remaining averments of paragraph 47 are denied.

48.   Denied.

49.   Denied.

50 – 51.   Denied as stated.  The responses speak for themselves.

52.   Denied as stated.  The grievances speak for themselves.

53.   Denied.

54.   Denied.

55.     Denied. Further, defendant Wolfe was dismissed in accordance with the District Court's Memorandum Order of July 11, 2006.

56.     Denied as stated. The response to plaintiff's appeal speaks for itself. Further, defendant Wolfe was dismissed in accordance with the District Court's Memorandum Order of July 11, 2006.

57.     Denied as stated. The response speaks for itself. Further, defendant James was dismissed in accordance with the District Court's Memorandum Order of July 11, 2006.

58 – 60.    At this time, defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraphs 58 – 60. Further, defendant James was dismissed in accordance with the District Court's Memorandum Order of July 11, 2006, and defendant Beard was dismissed for a lack of personal involvement as to this claim.

61.     Denied. Further, defendant Beard was dismissed for lack of personal involvement.

**C. The 2004 Fabricated /Retaliatory Misconduct Report**

62. – 74.    Magistrate Judge Baxter's Report and Recommendation issued on May 15, 2006 and adopted by the District Court on July 11, 2006, dismissed plaintiff's Retaliation and Due Process claims as they related to the misconduct he received in May 2004. Thus, paragraphs 62 through 74, which allege retaliation and a violation of plaintiff's due process rights under the Fourteenth Amendment of the United States Constitution regarding the May 2004 misconduct, have been dismissed, and no response is necessary.

**D. The Establishment Clause and the Free Exercise Clause Claims Against Defendants Beard, Boeh, Mckissock, And Hametz (per the District Court Memorandum Order of July 11, 2006)**

75. At this time, defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 75.

76. Denied as stated. The Qur'an is a document which speaks for itself.

77. At this time, defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 77.

78. Denied.

79. Denied as stated. The documents speak for themselves.

80. Denied as stated. Plaintiff would have been advised of participation requirements for prescriptive and institutional programs.

81. Denied as stated. The inmate request speaks for itself.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

87. At this time, defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 87.

88. Denied as stated. The response to plaintiff's inmate request speaks for itself.

89. Denied. In addition, plaintiff's due process claims were dismissed in accordance with the District Court's Memorandum Order of July 11, 2006.

90. Denied as stated. The response to plaintiff's grievance speaks for itself.

91. Denied as stated. The response to plaintiff's appeal speaks for itself. Further, defendant Burks was dismissed in accordance with the District Court's Memorandum Order of July 11, 2006.

92. Denied as stated. The response to plaintiff's appeal speaks for itself. Further, defendant Burks was dismissed in accordance with the District Court's Memorandum Order of July 11, 2006.

93. Denied as stated. The response to plaintiff's appeal speaks for itself. Further, defendant Burks was dismissed in accordance with the District Court's Memorandum Order of July 11, 2006.

94. Denied.

95. Denied as stated. The grievances and responses speak for themselves.

96. Denied as stated. The appeals speak for themselves.

97. Defendants incorporate their responses to ¶¶ 1 – 94 as though fully set forth.

98. Denied. Further, defendant Wolfe was dismissed in accordance with the District Court's Memorandum Order of July 11, 2006.

99. Denied. Further, defendants Wolfe, Burks, James, Barnett, and Moslak were dismissed in accordance with the District Court's Memorandum Order of July 11, 2006.

100. Denied. Further, defendants James, Wolfe, Burks, Barnett, and Moslak were dismissed in accordance with the District Court's Memorandum Order of July 11, 2006.

101.    Denied.  Further, defendant Wolfe was dismissed in accordance with the District Court's Memorandum Order of July 11, 2006.

102.    Denied.

103.    Denied.

104.    Denied.

105.    Denied.  Further, defendant Wolfe was dismissed in accordance with the District Court's Memorandum Order of July 11, 2006.

106.    Defendant Lobdell was dismissed in accordance with the District Court's Memorandum Order of July 11, 2006.

107.    Defendant Clement was dismissed in accordance with the District Court's Memorandum Order of July 11, 2006.

108.    Defendant Moslak was dismissed in accordance with the District Court's Memorandum Order of July 11, 2006.

109.    Defendant Barnett was dismissed in accordance with the District Court's Memorandum Order of July 11, 2006.

110.    Denied.

111.    Denied.  Further, defendant Burks was dismissed in accordance with the District Court's Memorandum Order of July 11, 2006.

112.    Denied. Further, defendants Burks and Wolfe were dismissed in accordance with the District Court's Memorandum Order of July 11, 2006.

113.    Denied. Further, defendant Wolfe and Burks were dismissed in accordance with the District Court's Memorandum Order of July 11, 2006.

114.    Denied.

115.    Denied.

**E. Prayer for Relief**

116. – 135.  Denied.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's Third Amended and Supplemental Complaint fails to state a claim on which relief may be granted.

### THIRD AFFIRMATIVE DEFENSE

Defendants' actions and decisions with respect to plaintiff were not the result of any retaliatory motive or intent, but were based upon legitimate penological interests.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff failed to exhaust his remedies under the PLRA or has procedurally defaulted.

### FIFTH AFFIRMATIVE DEFENSE

To the extent that plaintiff seeks relief from the defendants in their official capacities for claims in the nature of a constitutional violation, such relief is barred by the Eleventh Amendment.

## FIFTH AFFIRMATIVE DEFENSE

Any injuries received by plaintiff were the direct result of his own actions for which defendants cannot be liable.

## SIXTH AFFIRMATIVE DEFENSE

The plaintiff has received all procedural due process protection to which he is entitled.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the statute of limitations.

## EIGHTH AFFIRMATIVE DEFENSE

At no time have defendants, either individually or in concert with others, deprived or sought to deprive the plaintiff of any rights, privileges or immunities secured to him by the Constitution or laws of the United States.

## NINTH AFFIRMATIVE DEFENSE

Defendants were at all times acting in good faith and in an objectively reasonable manner and did not violate any clearly established federal right of plaintiff. Therefore, they entitled to qualified immunity and/or qualified good faith immunity from civil damages.

TENTH AFFIRMATIVE DEFENSE

Defendants were at all times acting pursuant to a duty required or authorized by statute or regulation; and therefore, said acts were within the discretion granted them by statute or statutorily authorized regulations.

WHEREFORE, defendants request judgment in their favor and against plaintiff.

                Respectfully submitted:

                Thomas W. Corbett, Jr.
                Attorney General

By:   /s/ Mary Lynch Friedline
      MARY LYNCH FRIEDLINE
      Senior Deputy Attorney General
      Attorney I.D. No. 47046
      Susan J. Forney
      Chief Deputy Attorney General
      Litigation Section

Office of Attorney General
6th Fl., Manor Complex
564 Forbes Avenue
Pittsburgh, PA  15219
Date:   July, 13, 2006

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of July, 2006, I electronically filed the foregoing *Answer* with the Clerk of Court using the CM/ECF system.  This document will be mailed via U.S. mail to the following non CM/ECF participants:

Leonard C. Jefferson
CL-4135
SCI-Albion
10745 Route 18
Albion, PA 16475-0001

                                            By:    /s/  Mary Lynch Friedline
                                                      MARY LYNCH FRIEDLINE
                                                      Senior Deputy Attorney General

Office of Attorney General
6th Fl., Manor Complex
564 Forbes Avenue
Pittsburgh, PA 15219
Date:  July 13, 2006