IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEONARD C. JEFFERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 04-044E |
| V. ) | |
| ) | District Judge McLaughlin |
| SECRETARY JEFFREY A. BEARD; ) | Magistrate Judge Baxter |
| GLENN McQUOWN; ROBERT BOEH; ) | |
| PATRICIA GAMBLE; MICHAEL ) | |
| SNYDER; PATRICIA McKISSOCK; ) | |
| UNIT MANAGER TIMOTHY ) | |
| HAMETZ, ) | |
| ) | |
| Defendants. ) | Electronically Filed. |

**DEFENDANTS' MOTION FOR PROTECTIVE ORDER CONCERNING
PLAINTIFF'S 470 REQUESTS FOR ADMISSIONS**

AND NOW, come the defendants Jeffrey Beard, Robert Boeh, Glenn McQuown, Patricia Gamble, Michael Snyder, Patricia McKissok, and Unit Manager Timothy Hametz, by their attorneys, Thomas W. Corbett, Jr., Attorney General, Mary Lynch Friedline, Senior Deputy Attorney General, and Susan J. Forney, Chief Deputy Attorney General, Chief Litigation Section, and based on the following, respectfully move for a protective order under Fed. Rule Civ. Pr. 26(c) with respect to the voluminous and oppressive Requests for Admissions served by plaintiff:

1.  Plaintiff served upon defendants a Request for Admissions containing 470 requests. These were received today, October 6, 2006, making the responses due on November 6, 2006.

2.  Federal Rule of Civil Procedure 26(c) provides that the Court may make any order which justice requires to protect a party from annoyance, oppression or undue burden or expense.

1

3.  The sheer number of admission requests submitted, in and of itself, is unduly burdensome and oppressive. They are directed generally to all seven defendants as a group, without any attempt to designate which questions should be addressed by which defendant.

4.  More importantly, however, is the wholly improper nature and content of the overwhelming majority of the admission requests. There are literally hundreds of requests which do not set forth statements of fact that can be admitted or denied, as required by Rule 36. Instead, the requests recite plaintiff's contentions and ultimate arguments about constitutional rights, the history of Pennsylvania and Quaker input in the 17th and 18th centuries, and the merits of the Islam religion. (See e.g., ¶¶ 180-85, 342-390, 392-470 – Exh. A hereto.) He also includes dozens of statements previously submitted to this court as "Request for Judicial Notice."

5.  Indeed, approximately 100 requests appear to deal with plaintiff's underlying criminal convictions and appeals spanning the 10-year period from 1993 to 2003 which have no relevance and could not be answered by these defendants in any event. (See ¶¶ 192-292.)

6.  It would be extremely burdensome for the seven defendants and their counsel to be put to the task of sorting through and objecting to these improper requests in order to respond to the proper requests, which in all likelihood do not exceed 100.

7.  Accordingly, defendants respectfully request that the Court (a) strike plaintiff's admission requests, or in the alternative, (b) require plaintiff to resubmit a reasonable number of requests dealing only with statements of fact or genuineness of

documents.[1]  Depending upon the number of requests plaintiff is permitted to submit, defendants reserve the right to seek additional time from the Court (e.g., 15 to 20 days) to respond, particularly given the number of defendants involved.

WHEREFORE, defendants request that the Court grant their Motion for Protective Order.

>                           Respectfully submitted:
>
>                           Thomas W. Corbett, Jr.
>                           Attorney General
>
>                    By:    /s/ Mary Lynch Friedline_____
>                           MARY LYNCH FRIEDLINE
>                           Senior Deputy Attorney General
>                           Attorney I.D. No. 47046
>                           Susan J. Forney
>                           Chief Deputy Attorney General
>                           Litigation Section

Office of Attorney General
6th Fl., Manor Complex
564 Forbes Avenue
Pittsburgh, PA  15219
Date:   October 6, 2006

---

[1] Undersigned counsel acknowledges that there are dozens, possibly 50 or more, requests that are proper under Rule 36.  For example, Plaintiff seeks admission regarding the genuineness of numerous documents, the existence of policies, his misconduct and employment record, and statements and decisions by defendants.

# CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of October, 2006, I electronically filed the foregoing *Motion for Protective Order* with the Clerk of Court using the CM/ECF system.  This document will be mailed via U.S. mail to the following non CM/ECF participants:

Leonard C. Jefferson
CL-4135
SCI-Albion
10745 Route 18
Albion, PA 16475-0001

                                              By:   /s/  Mary Lynch Friedline
                                                    MARY LYNCH FRIEDLINE
                                                      Senior Deputy Attorney General

Office of Attorney General
6th Fl., Manor Complex
564 Forbes Avenue
Pittsburgh, PA 15219