IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LEONARD C. JEFFERSON,
    Plaintiff,

V.

WILLIAM WOLFE, et al.,
    Defendants.

FILED
'06 OCT 19 A10:57
CLERK
U.S. DISTRICT COURT

C.A. NO. 04-44 ERIE

PLAINTIFF'S MOTION FOR ORDER COMPELLING DISCLOSURE
AND FOR APPROPRIATE SANCTIONS

AND NOW, comes plaintiff LEONARD C. JEFFERSON pursuant to Rule 37 of Fed.R.Civ.P. and asserts the following:

1. Plaintiff's Interrogatories and Request For Production of Documents was filed on 08/02/06.

2. Defendants' Response to Plaintiff's Interrogatories and Request for Production of Documents was filed on 09/19/06.

3. Pursuant to the terms of Rule 37(a)(3) Fed.R.Civ.P., Defendants have failed to respond to paragraphs 4, 5, 6, & 10 of Plaintiff's 08/02/06 Interrogatories.

4. Defendants have responded with Objections, which Plaintiff believes this Court should overrule, to paragraphs 18 - 22 of Plaintiff's 08/02/06 Interrogatories.

5. Defendants' Objections are based upon Defendants' alleged belief that Plaintiff is "seeking evidence that is irrelevant and not likely to lead to the discovery of admissible information" and that the information Plaintiff is seeking "is privileged, confidential, irrelevant and not likely to lead to the discovery of admissible information as this information relates to other inmates."

6. Plaintiff asserts the information sought via paragraphs 18 - 22 of his 08/02/06 Interrogatories is neither privileged, confidential nor irrelevant —

notwithstanding the fact that it involves other inmates -- due to the fact that truthful responses to paragraphs 18 - 22 would require Defendants to admit that none of the inmate authors whose poems on the subject of racial injustice in the courts were published in a PA DOC publication, entitled IMAGES in 1997, were subjected to any adverse actions, such as being fired from a job or having their custody level raised and, thus, provide clear and relevant admissible evidence which demonstrates Defendants retaliated against Plaintiff for writing/possessing poetry which is all but identical to other poetry which PA DOC officials deemed to be acceptable artistic expressions for publication, in an official PA DOC publication, and distribution.

7. On 10/01/06 Plaintiff addressed a letter to defense counsel, with a copy going to Judge Baxter, seeking sufficient and complete responses to paragraphs 4, 5, 6, 10 & 18 - 22 of Plaintiff's 08/02/06 Interrogatories.

8. On 10/06/06 Counsel filed Defendant's Supplemental Response To Plaintiff's Interrogatories and Request For Production of Documents.

9. Defendant's 10/06/06 Supplemental Response did not address the failures to respond to paragraphs 4, 5, 6, 10 & 18 - 22 of Plaintiff 08/02/06 Interrogatories.

10. On 09/10/06 Plaintiff addressed a letter to defense counsel, with a copy going to Judge Baxter, in an "attempt to confer with [defense counsel] on the matter of this undue delay, and, as my effort to secure responses to my interrogatories and request for production of documents without seeking the assistance of the Court to compel your compliance with the rules."

WHEREFORE Plaintiff respectfully request that this Honorable Court issue and Order which compels Defendants to provide truthful and complete responses to paragraphs 4, 5, 6, 10 & 18 - 22 of Plaintiff's 08/02/06 Interrogatories, and provide any other relief which the Court deems appropriate to facilitate

the completion of full and proper discovery in this matter.

                                      Respectfully Submitted

                                      *Leonard C. Jefferson*

                                      Leonard C. Jefferson, CL-4135
                                      10745 Rt. 18
                                      Albion, PA 16475-0002

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LEONARD C. JEFFERSON,
    Plaintiff,

V.                                C.A. NO. 04-44 ERIE

WILLIAM WOLFE, et al.,
    Defendants.

## CERTIFICATION

AND NOW comes plaintiff LEONARD C. JEFFERSON to certify, pursuant to Rule 37 of the Fed.R.Civ.P., that he has attempted to resolve the dispute and to consult with defense counsel, concerning Defendants' failures to respond to interrogatories, by writing letters (which went unanswered) to defense counsel on 09/10/06 and 10/01/06; with a copy of each letter being sent to Judge Baxter on each of the above-mentioned dates.

*Leonard C. Jefferson*
Leonard C. Jefferson, CL-4135
10745 Rt. 18
Albion, PA 16475-0002

THE UNDERSIGNED HEREBY CERTIFIES THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF HIS KNOWLEDGE AND BELIEF UNDER PENALTY OF PERJURY.

*Leonard C. Jefferson*
10/16/06

CERTIFICATE OF SERVICE

The undersigned hereby certifies a true copy of the foregoing Plaintiff's Motion For Order Compelling Disclosure And For Appropriate Sanctions, and Plaintiff's Certification, has been placed in the mailbox on F/B Unit in SCI-Albion on this 16th day of October, 2006 for delivery by first class mail to:

Mary L. Friedline
Senior Deputy Attorney General
Office of Attorney General
6th Floor, Manor Plaza
564 Forbes Avenue
Pittsburgh, PA 15219

*Leonard C. Jefferson*
Leonard C. Jefferson, CL-4135
10745 Rt. 18
Albion, PA 16475