IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEONARD C. JEFFERSON,       )<br>                                                      )<br>              **Plaintiff,**       )<br>                                                      )<br>      V.                                          )<br>                                                      )<br>SECRETARY JEFFREY A. BEARD;   )<br>GLENN McQUOWN; ROBERT BOEH;   )<br>PATRICIA GAMBLE; MICHAEL          )<br>SNYDER; PATRICIA McKISSOCK;    )<br>UNIT  MANAGER  TIMOTHY           )<br>HAMETZ,                                      )<br>                                                      )<br>              **Defendants.**    ) | Civil Action No. 04-044E<br><br>**District Judge McLaughlin**<br>**Magistrate Judge Baxter**<br><br><br><br><br><br><br><br>**Electronically Filed.** |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR ORDER
COMPELLING DISCLOSURE AND FOR APPROPRIATE SANCTIONS**

AND NOW, come the defendants Jeffrey Beard, Robert Boeh, Glenn McQuown, Patricia Gamble, Michael Snyder, Patricia McKissok, and Unit Manager Timothy Hametz, by their attorneys, Thomas W. Corbett, Jr., Attorney General, Mary Lynch Friedline, Senior Deputy Attorney General, and Susan J. Forney, Chief Deputy Attorney General, Chief Litigation Section, and file the following response to Plaintiff's Motion to Compel and for Sanctions (Doc. #100):

1.     In his Motion to compel disclosure and for sanctions, plaintiff complains that defendants failed to respond to interrogatories 4, 5, 6 and 10.  This is not correct. Defendants (particularly defendant Beard) provided detailed responses to the prescriptive program questions  (*see e.g.*, #'s 2-6, attached to plaintiff's Motion), explaining DOC's authority for making determinations as to the need for prescriptive programs, the origins of these programs, the programs' role in addressing criminogenic factors and reducing further criminal behavior, and the fact that the prescriptive programs are not faith based.

2. Plaintiff simply disagrees with defendants' responses.

3. Defendants further objected to interrogatory 10, which sought information as to the number of inmates who identify "al-Islam" as their religion, on grounds of relevance and also because records are not maintained in a manner that makes such information readily obtainable. The rules of discovery do not impose such a burden on the responding party.

4. Plaintiff also faults defendants for objecting to questions 18-22 which seek information about a book of prisoner poetry entitled "Images," which plaintiff claims was published at SCI-Graterford in 1997. Plaintiff demands that defendants agree to his characterization of the contents of the book and that certain Graterford inmates wrote and possess poetry that appeared in the book (#'s 18 and 19.) Then he asks whether any of these inmates received misconducts for writing their poetry and whether they were fired from any institutional jobs in 1997 for writing poetry (#'s 20 and 21.) In addition, he asks that defendants produce a copy of the book (#22.).

5. Defendants objected on relevance grounds, and also raised the privileged and confidential nature of other inmate records. Further, they explained that they do not possess a copy of the publication.

6. Plaintiff's retaliation claim turns on what the defendants did in **this** case, and the rationale for their decision to remove him from the chapel clerk position (as reflected in the answers to interrogatories, plaintiff did not receive a misconduct for his poetry.) What may have happened at a different institution 5 or 6 years earlier, with different individuals, has no bearing on this claim. Above all, as clarified in their Supplemental responses to the interrogatories, after further investigation (which went

2

beyond the answering defendants), the defendants simply have little information about this so-called publication. It was not sponsored by the DOC.

7. In sum, defendants' objections with respect to questions 18-22 are reasonable and well-grounded. The issue in this case is not whether plaintiff's writings were artistic expression or protected by the First Amendment. The issue is whether defendants improperly retaliated against him for those writings when they removed him from his job at the chapel. As defendants will establish in their Motion for Summary Judgment, while plaintiff is free to write poetry, that does not mean that he can create and/or distribute racially hateful writings and still expect to work **in the Chapel**, a part of the institution where inmates come to experience tolerance and respect for all races, faiths and beliefs.

8. Although not raised by plaintiff, counsel for defendants wishes to advise the Court that defendants submitted an "Amended Response" to interrogatories 12, 13 and 14 on October 16, 2006 (Exh. A hereto.) Defendants' originally responded "No" to Interrogatory 12 (were there any Unusual Occurrence or Misconduct Reports on 10/24/02 pertaining to plaintiff?) That was correct, but at the time original answers were supplied, Chaplain McQuown was on military duty and then on leave due to his father's death. Upon his return, counsel learned that he had submitted an Employee Report of Incident for that date. Thus, counsel immediately submitted the attached amended response to plaintiff. This minor delay should not have resulted in any prejudice to plaintiff given the information previously produced.

4

WHEREFORE, defendants request that the Court deny plaintiff's Motion.

                Respectfully submitted:

                Thomas W. Corbett, Jr.
                Attorney General

By:   /s/ Mary Lynch Friedline
      MARY LYNCH FRIEDLINE
      Senior Deputy Attorney General
      Attorney I.D. No. 47046
      Susan J. Forney
      Chief Deputy Attorney General
      Litigation Section

Office of Attorney General
6th Fl., Manor Complex
564 Forbes Avenue
Pittsburgh, PA  15219
Date:   October 23, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of October, 2006, I electronically filed the foregoing Response to *Motion for Order Compelling Disclosure and for Sanctions* with the Clerk of Court using the CM/ECF system. This document will be mailed via U.S. mail to the following non CM/ECF participants:

Leonard C. Jefferson
CL-4135
SCI-Albion
10745 Route 18
Albion, PA 16475-0001

By: /s/ Mary Lynch Friedline
MARY LYNCH FRIEDLINE
Senior Deputy Attorney General

Office of Attorney General
6th Fl., Manor Complex
564 Forbes Avenue
Pittsburgh, PA 15219