IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEONARD C. JEFFERSON,  )  )   Plaintiff,  )  ) V.  )  ) SECRETARY JEFFREY A. BEARD;  ) GLENN McQUOWN; ROBERT BOEH;  ) PATRICIA GAMBLE; MICHAEL  ) SNYDER; PATRICIA McKISSOCK;  ) UNIT MANAGER TIMOTHY  ) HAMETZ,  )  )   Defendants.  ) | Civil Action No. 04-044E  District Judge McLaughlin Magistrate Judge Baxter  Electronically Filed. |

## DEFENDANTS' MOTION FOR PROTECTIVE ORDER CONCERNING PLAINTIFF'S REQUESTS FOR ADMISSIONS TO DEFENDANTS MCQUOWN AND BEARD

AND NOW, come the defendants Jeffrey Beard, Robert Boeh, Glenn McQuown, Patricia Gamble, Michael Snyder, Patricia McKissok, and Unit Manager Timothy Hametz, by their attorneys, Thomas W. Corbett, Jr., Attorney General, Mary Lynch Friedline, Senior Deputy Attorney General, and Susan J. Forney, Chief Deputy Attorney General, Chief Litigation Section, and based on the following, respectfully move for a protective order under Fed. Rule Civ. Pr. 26(c) with respect to the voluminous and oppressive Requests for Admissions plaintiff has directed to defendants McQuown and Beard:

1. Plaintiff previously served defendants with 470 Requests for Admission. Defendants filed a Motion for Protective Order, and plaintiff then withdrew the requests.

1

2.      Today, October 31, 2006, counsel for defendants received additional discovery requests from plaintiff, along with another wave of admission requests, this time directed to individual defendants.

3.      However, the total number of admission requests is still extremely burdensome – **over 330**, **with approximately 270 of those requests directed to Beard and McQuown**.[1]  (See Exhibits A and B hereto.)

4.      In addition to the burdensome number, many of the admission requests directed to McQuown and Beard still remain improper under Rule 36.   As in his original set of Admission Requests, plaintiff often does not set forth statements of fact that can be admitted or denied, but recites his own contentions and arguments about Islam and the effectiveness or justification for DOC prescriptive programs, and then demands that the defendant agree.

5.      For example, in the Requests to McQuown,  #'s 103 to 115 are plaintiff's conclusions and arguments about translations of the Qur'an and various religious beliefs; Requests such as 86, 94 and 95 are plaintiff's own arguments and position statements; #'s 6 to 36 deal with discussions between plaintiff and persons other than the defendant.

6.      The Requests directed to Beard are even more egregious.   #'s 99 though 129 (and numerous other requests) seek agreement with plaintiff's opinions about Islam principles and beliefs, and the impact of Quaker principles upon inmate life.   #'s 139 through 148 and 157 are simply plaintiff's conclusions and  arguments about prescriptive programming vs. Islam.   Numerous questions improperly seek agreement with plaintiff's

---

[1] Plaintiff also served admission requests directed to Defendant Hametz – 1; Defendant Snyder – 3; Defendant Boeh – 4; Defendant McKissock – 22; and Defendant Gamble – 28.   Upon initial review, it appears that most of these requests may be within the scope of Fed. R. Civ. P. 36, and defendants can reasonably respond and fashion objections to those that are not.

2

interpretation of legal rulings in other cases (#'s 33, 87-88), and his arguments as to "inferences" to be drawn and the reasonableness of defendants' actions (8, 27, 30-31). There are also questions about religious diets (92-98) which has nothing to do with this case.

In addition, plaintiff includes hypotheticals and legal conclusions about free speech rights (#'s 25, 34, 57, 61, 67, 70-76), and demands that Secretary Beard address documents authored by other defendants or Superintendent Wolfe (#'s 35-40, 62-66) and admit to what was in the mind of a corrections officer who wrote a misconduct (45-50).

In this regard, it should be emphasized that Beard is named as a defendant in connection with plaintiff's first amendment and establishment claims as to prescriptive programming – he was not alleged to be involved in the retaliation claim arising from plaintiff's loss of his chapel clerk job.

7. Federal Rule of Civil Procedure 26(c) provides that the Court may make any order which justice requires to protect a party from annoyance, oppression or undue burden or expense.

8. It would be extremely burdensome for defendants McQuown and Beard and their counsel to be put to the task of sorting through and objecting to these improper requests in order to respond to the proper requests.

9. Accordingly, defendants respectfully request that the Court (a) strike plaintiff's admission requests, or in the alternative, (b) require plaintiff to resubmit a reasonable number of requests dealing only with statements of fact or genuineness of documents within the scope of the individual defendant's knowledge.

4

      WHEREFORE, defendants request that the Court grant their Motion for

Protective Order.

                                            Respectfully submitted:

                                            Thomas W. Corbett, Jr.
                                            Attorney General

                          By:    /s/ Mary Lynch Friedline
                                            MARY LYNCH FRIEDLINE
                                            Senior Deputy Attorney General
                                            Attorney I.D. No. 47046
                                            Susan J. Forney
                                            Chief Deputy Attorney General
                                            Litigation Section

Office of Attorney General
6th Fl., Manor Complex
564 Forbes Avenue
Pittsburgh, PA  15219
Date:   October 31, 2006

5

**CERTIFICATE OF SERVICE**

I hereby certify that on this 31st day of October, 2006, I electronically filed the foregoing *Motion for Protective Order* with the Clerk of Court using the CM/ECF system. This document will be mailed via U.S. mail to the following non CM/ECF participants:

Leonard C. Jefferson
CL-4135
SCI-Albion
10745 Route 18
Albion, PA 16475-0001

By: /s/ Mary Lynch Friedline
MARY LYNCH FRIEDLINE
Senior Deputy Attorney General

Office of Attorney General
6th Fl., Manor Complex
564 Forbes Avenue
Pittsburgh, PA 15219