IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LEONARD C. JEFFERSON,
      Plaintiff,

v.                    C.A. NO. 04-44 ERIE

WILLIAM WOLFE, et al.,
      Defendants.

FILED
'06 NOV -8 A10:21
CLERK
U.S. DISTRICT COURT

PLAINTIFF'S OBJECTION TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER
CONCERNING PLAINTIFF'S REQUEST FOR ADMISSIONS
TO DEFENDANTS MCQUOWN AND BEARD

AND NOW comes plaintiff LEONARD C. JEFFERSON and, based upon the following, objects to Defendants' Motion For Protective Order Concerning Plaintiff's Request For Admissions To Defendants McQuown and Beard:

1. The Supreme Court has construed Rule 26(b) "broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351, 98 S.Ct. 2380 (1978)(footnote omitted); accord, Weiss v. Amoco Oil Co., 142 F.R.D. 311, 315 (S.D. Iowa 1992).

2. Discovery requests should be allowed "unless it is clear the information sought can have no possible bearing upon the subject matter of the action." La Chemise Lacoste v. Alligator Co., Inc., 60 F.R.D. 164, 171 (D. Del. 1973).

3. On 07/13/06 counsel filed Doc. # 86, Defendants' Answer To Plaintiff's Third Amended Complaint.

4. In Doc. # 86 Defendants answered the claims of Plaintiff's Third Amended Complaint, Doc. # 39, as follows: (i) denied ¶¶ 32 - 42, 75, 77 and 87 by pleading "at this time, Defendants are without knowledge or information to form a belief as to the truth of the averments of [the] paragraphs...", (ii) denied ¶¶ 43 - 46, 48 - 54, 78, 82 - 86, 94, 98 - 105 and 110 -135 by pleading "denied," and (iii) denied parts of ¶¶ 5 and 47 by indicating which parts were

admitted and which parts were denied.

5. Plaintiff asserts that in each of the above-mentioned denied paragraphs the denial flows from a refusal to admit the truthfulness of the allegation(s) stated in the paragraph rather than from a belief, held by Defendants, that the allegation(s) of said paragraph are false.

6. Defendants' tactical decision, to deny the truthfulness of allegations in Doc. # 39 which Defendants knew to be truthful and factually correct allegations, made it necessary for Plaintiff to submit a series of requests for admissions (on each issue of the case) in an attempt to pinpoint exactly how far the Defendants are willing to go in conceding to the factual allegations of Doc. # 39 and how much, or how many, of its claims are really in dispute.

7. Defendants' Motion For Protective Order Concerning Plaintiff's Requests For Admissions To Defendants McQuown and Beard (hereinafter Defendants' [10/31/06] Halloween Motion) represents a true attempt by Defendants to have their cake and eat it too in light of the fact that Defendants' tactic necessitated Plaintiff's use of the numerous series of requests for admissions which Defendants now characterize as being burdensome.

8. Plaintiff believes that, contrary to the assertion in ¶ 4 of Defendants' Halloween Motion, this Court will find that each of Plaintiff's requests for admissions complies with the provisions of Rule 36, Fed.R.Civ.P., which requires each request to be presented as a statement of a single fact which the served party can either admit or deny the truth of as the facts of the case dictate.

9. Plaintiff believes that, contrary to the assertions in ¶ 5 of Defendant's Halloween Motion concerning the statement that "#'s 103 to 115 [of

Exhibit "A"] are plaintiff's conclusions and arguments about translations of the Qur'an...", this Court will not find a single argument "about translations of the Qur'an" but will find requests for admissions, from Facility Chapel Program Director/Reverend/Defendant McQuown, to questions about the Religion of al-Islam which are (i) within Defendant McQuown's knowledge and field of expertise, and (ii) are relevant to the determinations of the free exercise and Establishment Clause claims set forth in ¶¶ 75 - 89 and 94 of Plaintiff's Third Amended Complaint, Doc. # 39.

10. Plaintiff believes that, contrary to the assertions in ¶ 5 of Defendants' Halloween Motion that "Requests such as 86, 94 and 95 [of Exhibit "A"] are plaintiff's own arguments and position statements" and thus are prohibited by some rule, this Court will find that #'s 86, 94 and 95 relate to "opinion of facts" which are clearly within the scope of discovery permitted by Rules 36 and 26(b)(1), Fed.R.Civ.P..

11. Contrary to the assertions in ¶ 5 of Defendants' Halloween Motion that "#' 6 to 36 deal with discussions between plaintiff and persons other than the defendant," this Court's review of requests for Admissions #'s 6 to 36 of Exhibit "A" will inform the Court that only #'s 12 and 33 to 35 "deal with discussions between plaintiff and persons other than defendant" McQuown.

12. Plaintiff believes that, with the exception on #'s 12 and 33 to 35 (which counsel can simply tell Defendant McQuown to ignore) each of the other request at #'s 6 to 36 are proper request for the following reasons: (i) Defendant McQuown was Ms. Anderson's and Ms. Brannon's immediate supervisor at the relevant times, (ii) Defendant McQuown questioned Mr. Anderson and Ms. Brannon about what they, and Plaintiff, had done at the relevant times, (iii) Defendant McQuown, acting as the Chairman of the 11/13/02 Support Team Meeting, used the information (he'd acquired from Mr. Anderson and Ms. Brannon

about Plaintiff's actions) to interrogate Plaintiff during said Support team Meeting, and (iv) the request for admissions #'s 6 to 36 seeks admissions or denials of the claims stated in ¶¶ 32 to 42 of Plaintiff's Third Amended Complaint, Doc. # 39, which, to this present day, the Defendants' sole answer has been/is "at this time, defendants are without knowledge or information to form a belief as to the truth of the averments of paragraphs 32 - 42."

13. Similarly -- pertaining to the assertions presented in ¶ 6 of Defendants' Halloween Motion concerning the requests for admissions directed to Defendant Beard that "#'s through 129 [of Exhibit "B"] (and numerous other requests) seek agreement with plaintiff's opinion about Islam principles and beliefs, and the impact of Quaker principles upon inmate life" -- Plaintiff believes this Court will find that, while it is true that some requests for admissions of Defendant Beard's knowledge of the historic role of Quaker religious principles and practices in the development of today's modern correctional practices, and of his knowledge of the Religion of al-Islam, said requests remain: (i) relevant to the final determination of the free exercise and Establishment Clause claims set forth in ¶¶ 75 - 94 of Plaintiff's Third Amended Complaint, Doc. # 39, (ii) proper requests for "opinion of fact" that are in the knowledge of a correctional expert who is responsible for monitoring the principles and beliefs propagated by each and every PA DOC program; including the existing PA DOC Islamic programs, and (iii) a proper series of request for admissions which will, if answered truthfully, belie Defendants' 09/19/06 responses to Plaintiff's 08/02/06 Interrogatory questions 4 - 6 wherein Defendants stated their professional opinion that the Religion of al-Islam fails to address certain unspecified "criminogenic factors" which they allege are addressed by PA DOC prescriptive programs.

14. In light of Defendants assertions -- that the "PA DOC has a public

safety responsibility to offer programs to inmates that are likely to reduce the chance of re-offending" and that "involvement in religious activities is certainly a positive pursuit supported by staff ... [but] such activity does not address the criminogenic factors that caused individuals to commit criminal acts" -- Plaintiff believes the Court will find #'s 139 through 148 of Exhibit "B" are proper requests for admissions, or denials, of opinions of fact that are relevant to the final determinations of the religious claims set forth in ¶¶ 75 - 94 of Plaintiff's Third Amended Complaint, Doc. # 39.

15. Notwithstanding Defendants' characterizations of # 139 through 148, of Exhibit "B", as "simply plaintiff's conclusions and arguments about prescriptive programs vs. Islam," Plaintiff maintains #'s 139 though 148 are proper requests for admissions that are relevant to whether the PA DOC's public safety responsibility is to actually offer programs which are likely to reduce the chance of re-offending, or does the PA DOC, as is indicated by the religious claims of the Third Amended Complaint, interpret and enforce their public safety responsibility as though it requires the exclusion of the well-known anti-criminal disciplines and high moral standards of the Religion of al-Islam from its array of prescriptive program options in order to provide a PA DOC one-size-that-does-not-fit-all array of programs which (unnecessarily) violate both religious clauses of the First Amendment.

16. Notwithstanding Defendants' characterization of # 157 of Exhibit "B" as "conclusions and arguments about prescriptive programs vs. Islam," Plaintiff believes the Court will find # 157 is a relevant and proper request for an admission related to the application of law to facts.

17. Defense counsel can simply tell Defendant Beard to ignore request for admission # 33.

18. While ¶ 6 of Defendants' Halloween Motion asserts "Numerous questions improperly seek agreement with plaintiff's interpretations of legal rulings in other cases (#'s 33, 87-88)" Plaintiff asks the Court to note that #'s 87 & 88 of Exhibit "B" seek admissions, or denials, of Defendant Beard's awareness of previous cases in this jurisdiction related to free exercise and establishment Clause violations via the actions of prison officials that were similar to the official actions stated in Plaintiff's Third Amended Complaint, Doc. # 39. The Court is well aware that prison officials are sometimes found guilty of, but not liable for, violations of newly recognized/not well-established rights, and therefore #'s 87 & 88 are proper request for admissions to determine if Defendant Beard should have been aware of, and should have taken steps to eliminate, the constitutional violations that flowed from the policies and practices related to PA DOC prescriptive programs. (Case law in State and Federal Courts in Pennsylvania indicate the PA DOC was made aware of problems, of a constitutional nature, with its implementation of prescriptive programs several years prior to the filing of Plaintiff'd Third Amended Complaint.)

19. Defendants' complaints and objections concerning the requests at #'s 8, 27 and 30 - 31 of Exhibit "B" are without merit and should be overruled since said requests clearly seek opinions of fact that are relevant to the central issues of Plaintiff's case.

20. Contrary to Defendants' assertions in ¶ 6, that #'s 92 - 98 of Exhibit "B" are "questions about religious diets ... which have nothing to do with this case," the Court will find (i) while #'s 92 - 95 mention religious and non-religious diet options #'s 96 - 98 do not, and (ii) each request at #'s 92 - 98 is a proper request for an admission related to the underlying PA DOC policies and practices of providing custody and care in a manner that is not offensive to the religious clauses of the U.S. Constitution.

21. Plaintiff believes the Court will find #'s 25, 34, 35 - 40, 45 - 50, 57, 61, 62 - 66, 67 and 70 - 76 of Exhibit "B" to be proper and relevant requests for opinions of fact which Defendant Beard, in his capacity as the Secretary of the PA DOC, is both qualified and required to either admit or deny the truth of. Requests for admissions concerning freedom of speech and Misconduct Report A453158 are relevant to show the intentional deviations from and violations of PA DOC policies which preceded the retaliatory acts against Plaintiff.

22. The request in ¶ 9 of Defendants Halloween Motion fly in the face of Rules 36 and 26(b)(1) and the Court should disregard said request in the interest of facilitating fact-finding and the full, and fair, pretial discovery which Rules 26 - 37 of the Fed.R.Civ.P. were promulgated to provide to plaintiffs in civil actions.

23. Forty-eight (48) of the paragraph of Plaintiff's Third Amended Complaint were dismissed upon Defendants' motion. Defendants' Answer, Doc. # 86, acknowledged the truth of only 9.3 of the remaining 87 paragraphs of the Complaint; 9 of these 9.3 paragraphs identified the parties in this action. Defendants denied the truth of the claims in each and every one of the remaining 77 paragraphs of the Complaint notwithstanding Defendants' awareness of the truth of the claims. Defendants' instant assertion, that 330 requests for admissions is burdensome, should be weighed against the statistic that Plaintiff has submitted approximately 4.3 requests for admissions in response to each paragraph which defendants recognized the truth of and then denied that truth under oath. Plaintiff argues that prohibiting a party to use less than five (5) requests for admissions to prove the falsity of an opposing party's sworn response would cause the discovery process to be a sham procedure that inhibits, rather than assists, the litigation process.

24. Burdensome discovery may be required if it is relevant to the case. Fagan v. District of Columbia, 136 F.R.D. 5, 7 (D.D.C. 1991); King v. Georgia Power Co., 50 F.R.D. 135, 136 (N.D. Ga. 1970).

WHEREFORE Plaintiff respectfully requests, in light of the foregoing, that this Court (i) deny Defendants' Motion For Protective Order Concerning Plaintiff's Request For Admissions To Defendants McQouwn and Beard, (ii) issue and Order which requires Defendants McQouwn and Beard to respond to the requests for admissions at issue within 30 days after having received said requests, and (iii) to provide any other relief the Court deems to be appropriate and just.

Respectfully submitted

*Leonard C. Jefferson*

Leonard C. Jefferson, CL-4135
10745 Rt. 18
Albion, PA 16475-0002

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Plaintiff's Objection To Defendants' Motion For Protective Order Concerning Plaintiff's Request For Admissions To Defendants McQuown and Beard has been placed in the mailbox on F/B Unit in SCI-Albion on this 6th day of November, 2006 for delivery via first class U.S. Mail to:

Mary L. Friedline
Senior Deputy Attorney General
Office of Attorney General
6th Floor, Manor Plaza
564 Forbes Avenue
Pittsburgh, PA 15219

*Leonard C. Jefferson*
Leonard C. Jefferson, CL-4153
10745 Rt. 18
Albion, PA 16475-0002

Leonard C. Jefferson, CL-4135
10745 Rt. 18
Albion, PA 16475-0002
November 6, 2006

Clerk's Office
U.S. District Court
P.O. Box 1820
Erie, PA 16507

RE: Jefferson v. Wolfe, et al., C.A. No. 04-44 Erie

Dear Clerk:

Would you please file the enclosed Plaintiff's Objection to Defendants' Motion for Protective Order Concerning Plaintiff's Requests for Admissions to Defendants McQuown and Beard, and its Exhibits "A" and "B", in the above-captioned case.

Thank you for your attention to this matter.

Respectfully

Leonard C. Jefferson