IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LEONARD C. JEFFERSON,
       Plaintiff,

V.                                        C.A. NO. 04-44 ERIE

WILLIAM WOLFE et al.,
       Defendants

### PLAINTIFF'S REQUEST FOR ADMISSIONS FROM DEFENDANT MCKISSOCK

AND NOW comes plaintiff LEONARD C. JEFFERSON, pursuant to Fed.R.Civ.P. Rule 36, and asks the above-named defendant to either admit or deny the truth of each of the following statements under oath within thirty (30) days of service of this request:

    1. The form DC-135A, that is attached to Plaintiff's Third Amended Complaint as Exhibit "G" is a true copy of the original.

    2. On 07/24/02 none of the Defendants in this case were aware that Plaintiff had written poetry or possessed his poetry.

    3. Defendant McKissock has indicated on Exhibit "G" that the "Penna. Additive Classification Tool (PACT)" was used to determine Plaintiff's custody level in July of 2003.

    4. In the PACT system positive and/or negative number values are assigned to the ten (10) following factors: (1) gravity of current offense, (2) severity of criminal history, (3) history of institutional violence, (4) number of disciplinary reports, (5) severity of disciplinary reports, (6) inmate's present age, (7) escape history, (8) program participation, (9) work performance, and (10) housing performance.

    5. In the PACT system each inmate's custody level is determined by adding and/or subtracting the number values which correspond to the inmate in the ten (10) previously mentioned factors.

    6. Generally, pursuant to the PACT system higher total scores produce higher custody levels and lower total scores produce lower custody levels.

    7. In the PACT system good performance is rewarded by deducting points while computing the total score.

    8. In the PACT system less-than-expected performance by the inmate is punished by adding points while computing the total score.

    9. A total score of 2, or less than 2, on the PACT is required for a male inmate to be classified Minimum Security (L-2).

ATTACHMENT "A"       PAGE 1 OF 2

10. A male inmate with a total score from 3 to 14 on the PACT is classified Medium Security (L-3).

11. A male inmate with a total score of 15 or more on the PACT is classified Close Security (L-4).

12. Defendant McKissock has indicated on Exhibit "G" that one of "several factors that affect [plaintiff's] level ... [is] the issue of [plaintiff's] refusal to complete any programming."

13. The statements of Plaintiff and Defendant Gamble, written on Exhibit "F" of Plaintiff's Third Amended Complaint, indicate Defendant McKissock was aware of Plaintiff's objections, on religious grounds, to participating in non-Islamic-based prescriptive programs as early as December of 2001.

14. In July of 2003 three (3) points were added, in the total score of Plaintiff on the PACT, due to Plaintiff's non-participation in prescriptive programs.

15. In July of 2003 three (3) points were subtracted from the PACT score of each inmate, at his/her Yearly Classification Review, that had successfully completed prescriptive programs.

16. In July of 2003 two (2) points were subtracted from the PACT score of each inmate, at his/her Yearly Classification Review, that had "active/partial treatment" in prescriptive programs.

17. The failure of the PA DOC to provide alternative prescriptive programs (that were not offensive to Plaintiff's religious beliefs) precluded Plaintiff from obtaining the two (2) or three (3) point reduction in his PACT score that was available to other inmates in July of 2003, unless Plaintiff was willing to violate or abandon his religious beliefs.

18. Defendant McKissock has indicated on Exhibit "G" that one of "several factors that affect [Plaintiff's] level ... [is] the fact that [Plaintiff] does not have a job..."

19. Above-average work performance causes three (3) points to be subtracted from the equation that produces the total PACT score.

20. Idle Status, known as GLP, neither causes points to be added nor causes points to be subtracted in the equation that produces the total PACT score.

21. Plaintiff's above-average work performance as a Chapel Clerk caused three (3) points to be deducted in the equation which produced his total PACT score at his 07/29/02 Yearly Review.

22. Plaintiff's Idle/GLP Status deprived Plaintiff of a three (3) point deduction in the equation that produced his total PACT score at his 07/11/03 Yearly Review.

October 29, 2006

*Leonard C. Jefferson*   ATTACHMENT "A"   PAGE 2 OF 2

Leonard C. Jefferson, CL-4135
10745 Rt. 18
Albion, PA 16475-0002
December 5, 2006

Mary Friedline
Senior Deputy Attorney General
Office of Attorney General
6th Floor, Manor Complex
564 Forbes Avenue
Pittsburgh, PA 15219

RE: FAILURE TO PRODUCE REQUESTED DOCUMENTS

Ms. Friedline:

This is to inform you that the Defendants' Response to Plaintiff's Third Interrogatory and Second Request for Production of Documents contained neither an objection to nor the documents requested in ¶¶ 2(e) and 2(h) of Plaintiff's Third Interrogatory and Second Request for Production of Documents. Your correspondence of 11/30/06 indicated the document requested in 2(h) was included but it was not in the envelope with the other documents. Your correspondence of 11/30/06 makes no mention of the documents requested in 2(e). I would sincerely appreciate it if you would forward the documents, requested in 2(e) and 2(h), to me in a timely manner so it will not be necessary for the Court to become involved in this matter. Respectfully

Leonard C. Jefferson

cc: Judge Baxter
    File