IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LEONARD C. JEFFERSON,
    PLAINTIFF,

V.

WILLIAM WOLFE, ET AL.,
    DEFENDANTS.

FILED
'06 DEC -7 A11:15
CLERK
U.S. DISTRICT COURT

C.A. NO. 04-44 ERIE

## PLAINTIFF'S RESPONSE TO DEFENDANT MCKISSOCK'S OBJECTIONS TO PLAINTIFF'S REQUEST FOR ADMISSIONS

AND NOW COMES PLAINTIFF LEONARD C. JEFFERSON AND STATES THE FOLLOWING IN SUPPORT OF HIS REQUEST THAT THIS COURT OVERRULE DEFENDANT MCKISSOCK'S OBJECTIONS:

1. ON 10/29/06 PLAINTIFF SERVED A REQUEST FOR ADMISSIONS ON DEFENDANT MCKISSOCK. (HEREINAFTER REQUEST).

2. A COPY OF SAID REQUEST IS ATTACHED HEREIN AS ATTACHMENT "A".

3. DEFENDANT MCKISSOCK SERVED HER RESPONSE UPON PLAINTIFF ON 11/30/06. (HEREINAFTER RESPONSE).

4. THE RESPONSE STATES: "THIS REQUEST IS OBJECTED TO AS SEEKING INFORMATION THAT IS PRIVILEGED AND CONFIDENTIAL BECAUSE IT DIRECTLY IMPACTS CLASSIFICATION ISSUES. PROVIDING THIS INFORMATION COULD AFFECT PLAINTIFF'S PROGRAMMING AND INMATE STATUS, AND THE INFORMATION COULD BE USED AND MANIPULATED BY PLAINTIFF." AS DEFENDANT'S ANSWER TO ¶¶ 4, 5, 6, 7, 8, 9, 10, 11, 14, 15, 16, 19, 20, 21 & 22 OF THE REQUEST.

1. EXCEPT FOR SPECIAL CIRCUMSTANCES, AN INMATE WILL NOT BE RE-ASSIGNED TO ANOTHER JOB UNLESS HE HAS WORKED AT LEAST 90 DAYS ON THIS PRESENT JOB.

2. IF YOU DO NOT HAVE A COPY OF THIS JOB ASSIGNMENT NOTICE THE INMATE DOES NOT WORK FOR YOU.

## INITIAL INMATE JOB ASSIGNMENT ORIENTATION

Check:

☒　REVIEW OF JOB AREA'S MISSION WITHIN THE INSTITUTION

☒　RULES AND REGULATIONS OF THE JOB AREA.

☒　BASIC DUTIES AND RESPONSIBILITIES ASSIGNED TO THE INMATE.

☒　REASONS FOR REMOVAL FROM JOB ASSIGNMENT BY SUPPORT TEAM ACTION.

　　A.　EXCESSIVE ABSENTEEISM OR INABILITY TO ADAPT TO WORK ASSIGNMENT.

　　B.　FINDING OF GUILTY ON CLASS I MISCONDUCT.

☒　REVIEW OF SAFETY ORIENTATION AND IT'S APPLICATION TO YOUR JOB ASSIGNMENT.

**PLEASE FILL OUT, SIGN, DATE, AND RETURN TO THE INMATE EMPLOYMENT OFFICE AS SOON AS POSSIBLE. A COPY WILL BE RETURNED TO THE WORK SUPERVISOR FOR YOUR RECORDS, IF REQUESTED.**

5. DEFENDANT'S OBJECTIONS ARE DISINGENUOUS, AND SHOULD BE OVERRULED, FOR THE FOLLOWING REASONS:

(i) THE INFORMATION SOUGHT HAS BEEN DISCUSSED WITH PLAINTIFF AT EACH YEARLY CLASSIFICATION REVIEW AND THEREFORE IT CANNOT SINCERELY BE CONSIDERED TO BE PRIVILEGED AND/OR CONFIDENTIAL;

(ii) PLAINTIFF'S COUNSELORS HAVE INFORMED HIM OF HOW EACH OF THE TEN FACTORS, CITED IN ¶ 4 OF THE REQUEST, AFFECT HIS CUSTODY LEVEL;

(iii) THE PACT SCORING SYSTEM IS, LIKE A WINDOW-STICKER ON A CAR THAT IDENTIFIES THE EXISTING ACCESSORIES AND THEIR COSTS, A REPORT CARD, THAT RATES THE PERFORMANCE OF THE INMATE DURING THE PAST YEAR;

(iv) NONE OF THE FACTORS, MENTIONED IN ¶ 4 OF THE REQUEST, ARE SUBJECT TO MANIPULATION SINCE THEY ALL RELATE TO PREVIOUS BEHAVIOR;

(v) IT IS STANDARD PROCEDURE FOR THE COUNSELOR TO TELL EACH INMATE EXACTLY WHAT HE/SHE MUST DO IN THE COMING YEAR IN ORDER TO OBTAIN OR MAINTAIN A REDUCED CUSTODY LEVEL; AND

(vi) DEFENDANTS CANNOT PROVIDE A LOGICAL OR RATIONAL EXPLANATION OF HOW PLAINTIFF, OR ANY OTHER INMATE, COULD MANIPULATE THE INFORMATION SOUGHT IN ANY WAY OTHER THAN BY FOLLOW-

DC-ADM 804, Inmate Grievance System  
DC-804  
Part 3

Attachment C  
COMMONWEALTH OF PENNSYLVANIA  
Department of Corrections  
SCI-Albion

**DATE:**   02/27/03

**SUBJECT:**   Grievance Rejection Form

**TO:**   Leonard Jefferson  
CL-4135 A/A 59

FOR OFFICIAL USE ONLY  
**41961**  
GRIEVANCE NUMBER

*Mr. Barr* (signature)

**FROM:**   Mr. Barr  
Facility Grievance Coordinator

The attached grievance is being returned to you because you have failed to comply with the provision(s) of DC-ADM 804, Inmate Grievance System:

1. _____ Grievances related to the following issues shall be handled according to procedures specified in the policies listed and shall not be reviewed by the Facility Grievance Coordinator.

    a. DC-ADM 801 – Inmate Disciplinary and Restricted Housing Unit Procedures  
    b. DC-ADM 802 – Administrative Custody Procedures  
    c. Other policies not applicable to DC-ADM 804.

2. _____ Block B must be completed, as per the Instruction #3 of the Official Inmate Grievance Form.

3. _____ The grievance does not indicate that you were personally affected by a Department or facility action or policy.

4. _____ Group grievances are prohibited.

5. _____ The grievance was not signed and/or dated.

6. _____ Grievances must be legible and presented in a courteous manner.

7. _____ The grievance exceeded the two (2) page limit. Description needs to be brief.

8. _____ Grievances based upon different events shall be presented separately.

9. _____ The grievance was not submitted within fifteen (15) working days after the events upon which claims are based.

10. _____ You are currently under grievance restriction. You are limited to one grievance each 10 working days. You filed a grievance on _____.

11. _____ Grievance involves matter(s) that occurred at another facility and should be directed by the inmate to the appropriate facility.

12. **_X_** **The issue(s) presented on the attached grievance has been reviewed and addressed previously.**

Mr. Jefferson, I have forwarded this matter to Mr. Boeh and he will review it. Mr. Boeh is on the PRC and also supervises Religious Services staff.

cc: Mr. Boeh  
Deputy Kormanic  
Mr. Piotrowski  
Ms. McKissock  
DC-15  
File (41961)

2/28/03 *L.m.*

ING THE INSTRUCTIONS OF THE COUNSELOR AS MENTIONED IN (V) ABOVE.

6. BECAUSE THERE ARE MULTIPLE FACTORS WHICH LED TO THE INCREASE OF HIS CUSTODY LEVEL; THE DETAILED EXPLANATION OF THE PACT SYSTEM SOUGHT BY THE REQUEST, WHICH DEFENDANT HAS OBJECTED TO, IS ESSENTIAL TO PLAINTIFF'S ABILITY TO DEMONSTRATE TO THE COURT PRECISELY HOW, AND TO THE EXACT EXTENT, HIS REFUSAL TO PARTICIPATE IN PROGRAMS AFFECTED HIS CUSTODY LEVEL.

7. THE PACT SCORE IS TALLIED ON A SELF-EXPLANATORY ONE-PAGE DOC FORM.

8. DEFENDANT SHOULD BE ORDERED TO SUBMIT THE PACT SCORE FORMS, FROM PLAINTIFF'S 07/02 AND 07/03 YEARLY CLASSIFICATION REVIEWS, TO THE COURT FOR THE COURT TO REVIEW PRIOR TO MAKING ITS DECISION ON WHETHER DEFENDANT McKISSOCK'S OBJECTIONS SHOULD BE SUSTAINED OR OVERRULED.

WHEREFORE, IN LIGHT OF THE FOREGOING, PLAINTIFF RESPECTFULLY URGES THIS COURT TO OVERRULE THE OBJECTIONS AND TO ORDER DEFENDANT McKISSOCK TO ADMIT OR DENY THE TRUTH OF THE STATEMENTS IN ¶¶ 4, 5, 6, 7, 8, 9, 10, 11, 14, 15, 16, 19, 20, 21 & 22 OF PLAINTIFF'S 10/29/06 REQUEST FOR ADMISSIONS.

RESPECTFULLY SUBMITTED

Leonard C. Jefferson

DATED: 12/05/06

| Form DC-135A<br>**INMATE'S REQUEST TO STAFF MEMBER** | Commonwealth of Pennsylvania<br>Department of Corrections<br><br>INSTRUCTIONS<br>Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently. |
|---|---|
| 1. To: (Name and Title of Officer)<br>MR. PIOTROWSKI, ACCOUNTANT | 2. Date: 02/17/03 |
| 3. By: (Print Inmate Name and Number)<br>LEONARD C. JEFFERSON, CL-4135<br>*Leonard C Jefferson*<br>Inmate Signature | 4. Counselor's Name<br>Ms. GAMBLE |
| | 5. Unit Manager's Name<br>Ms. McKISSOCK |
| 6. Work Assignment<br>GLP | 7. Housing Assignment<br>A/A-59 |

8. Subject: State your request completely but briefly. Give details.

ON 01/31/03, WHILE ACTING AS THE GRIEVANCE OFFICER, YOU INFORMED ME THAT THE INFORMAL RESOLUTION OF GRIEVANCE #~~41861~~ 41961 WOULD CAUSE THE ISSUE OF MY REMOVAL FROM MY WORK ASSIGNMENT TO BE REVIEWED BY THE PRC ON 02/06/03. I HAVE NOT HEARD ANYTHING FROM THE PRC. WOULD YOU PLEASE INFORM ME OF IF AND/OR WHEN THE PRC INTENDS TO COMPLY WITH THE RESOLUTION THAT YOU OBTAINED.

9. Response: (This Section for Staff Response Only)

Mr. Jefferson, I have assigned this matter to Mr. Boel he is the logical person to review it with you.

cc: Mr. Boel

2/26/03 L.m.

| To DC-14 CAR only ☐ | To DC-14 CAR and DC-15 IRS ☐ |

Staff Member Name   Mr. BARR   /   *[signature]*   Date 02-25-03
                       Print              Sign

Revised July 2000

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing Plaintiff's Response to Defendant Mckissock's Objections to Plaintiff's Request for Admissions was placed on the door of his cell, pursuant to DOC policy, for the unit officer to place in the mailbox on the 5th day of Dezember, 2006 for delivery via first class U.S. Mail to:

Mary L. Friedline
Senior Deputy Attorney General
Office of Attorney General
6th Floor, Manor Plaza
564 Forbes Avenue
Pittsburgh, PA 15219

*Leonard C. Jefferson*
Leonard C. Jefferson, CL-4135
10745 Rt. 18
Albion, PA 16475-0002

**COMMONWEALTH OF PENNSYLVANIA**
**Department of Corrections**
**State Correctional Institution at Albion**
(814) 756-5778
February 4, 2003

**SUBJECT:** GRIEVANCE #41961
JEFFERSON LEONARD (CL-4135)

**TO:** PRC

**FROM:** *[signature: M Barr]*
William A. Barr
Superintendent's Assistant

Please review the enclosed grievance and resolution. A copy of any notes from your meeting with inmate Jefferson would be appreciated to include in my file on the above-referenced grievance.

WAB/ljm

Enclosures (2)

cc: Deputy Marquardt
Deputy Kormanic
Mr. Boeh
DC-15
File

"Our mission is to protect the public by confining persons committed to our custody in safe, secure facilities, and to provide opportunities for inmates to acquire the skills and values necessary to become productive law-abiding citizens; while respecting the rights of crime victims"

Leonard C. Jefferson, CL-4135
10745 Rt. 18
Albion, PA 16475-0002
December 5, 2006

Clerk's Office
U.S. District Court
P.O. Box 1820
Erie, PA 16507

RE: Jefferson v. Wolfe, et. al., C.A. No. 04-44 Erie

Dear Clerk

Would you please file the enclosed - Plaintiff's Response to Defendant McKissock's Objections to Plaintiff's Request for Admissions + in the above captioned case and forward the copy of the letter to Mary Friedline to Judge Baxter.

Thank you for your attention to this matter.

Respectfully

Leonard C. Jefferson

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LEONARD C. JEFFERSON,
      Plaintiff,

V.                                    C.A. NO. 04-44 ERIE

WILLIAM WOLFE et al.,
      Defendants

<u>PLAINTIFF'S REQUEST FOR ADMISSIONS FROM DEFENDANT MCKISSOCK</u>

    AND NOW comes plaintiff LEONARD C. JEFFERSON, pursuant to Fed.R.Civ.P. Rule 36, and asks the above-named defendant to either admit or deny the truth of each of the following statements under oath within thirty (30) days of service of this request:

    1. The form DC-135A, that is attached to Plaintiff's Third Amended Complaint as Exhibit "G" is a true copy of the original.

    2. On 07/24/02 none of the Defendants in this case were aware that Plaintiff had written poetry or possessed his poetry.

    3. Defendant McKissock has indicated on Exhibit "G" that the "Penna. Additive Classification Tool (PACT)" was used to determine Plaintiff's custody level in July of 2003.

    4. In the PACT system positive and/or negative number values are assigned to the ten (10) following factors: (1) gravity of current offense, (2) severity of criminal history, (3) history of institutional violence, (4) number of disciplinary reports, (5) severity of disciplinary reports, (6) inmate's present age, (7) escape history, (8) program participation, (9) work performance, and (10) housing performance.

    5. In the PACT system each inmate's custody level is determined by adding and/or subtracting the number values which correspond to the inmate in the ten (10) previously mentioned factors.

    6. Generally, pursuant to the PACT system higher total scores produce higher custody levels and lower total scores produce lower custody levels.

    7. In the PACT system good performance is rewarded by deducting points while computing the total score.

    8. In the PACT system less-than-expected performance by the inmate is punished by adding points while computing the total score.

    9. A total score of 2, or less than 2, on the PACT is required for a male inmate to be classified Minimum Security (L-2).

ATTACHMENT "A"      PAGE 1 OF 2

10. A male inmate with a total score from 3 to 14 on the PACT is classified Medium Security (L-3).

11. A male inmate with a total score of 15 or more on the PACT is classified Close Security (L-4).

12. Defendant McKissock has indicated on Exhibit "G" that one of "several factors that affect [plaintiff's] level ... [is] the issue of [plaintiff's] refusal to complete any programming."

13. The statements of Plaintiff and Defendant Gamble, written on Exhibit "F" of Plaintiff's Third Amended Complaint, indicate Defendant McKissock was aware of Plaintiff's objections, on religious grounds, to participating in non-Islamic-based prescriptive programs as early as December of 2001.

14. In July of 2003 three (3) points were added, in the total score of Plaintiff on the PACT, due to Plaintiff's non-participation in prescriptive programs.

15. In July of 2003 three (3) points were subtracted from the PACT score of each inmate, at his/her Yearly Classification Review, that had successfully completed prescriptive programs.

16. In July of 2003 two (2) points were subtracted from the PACT score of each inmate, at his/her Yearly Classification Review, that had "active/partial treatment" in prescriptive programs.

17. The failure of the PA DOC to provide alternative prescriptive programs (that were not offensive to Plaintiff's religious beliefs) precluded Plaintiff from obtaining the two (2) or three (3) point reduction in his PACT score that was available to other inmates in July of 2003, unless Plaintiff was willing to violate or abandon his religious beliefs.

18. Defendant McKissock has indicated on Exhibit "G" that one of "several factors that affect [Plaintiff's] level ... [is] the fact that [Plaintiff] does not have a job..."

19. Above-average work performance causes three (3) points to be subtracted from the equation that produces the total PACT score.

20. Idle Status, known as GLP, neither causes points to be added nor causes points to be subtracted in the equation that produces the total PACT score.

21. Plaintiff's above-average work performance as a Chapel Clerk caused three (3) points to be deducted in the equation which produced his total PACT score at his 07/29/02 Yearly Review.

22. Plaintiff's Idle/GLP Status deprived Plaintiff of a three (3) point deduction in the equation that produced his total PACT score at his 07/11/03 Yearly Review.

October 29, 2006

*Leonard C. Jefferson*   ATTACHMENT "A"   PAGE 2 OF 2

Leonard C. Jefferson, CL-4135
10745 Rt. 18
Albion, PA 16475-0002
December 5, 2006

Mary Friedline
Senior Deputy Attorney General
Office of Attorney General
6th Floor, Manor Complex
564 Forbes Avenue
Pittsburgh, PA 15219

RE: FAILURE TO PRODUCE REQUESTED DOCUMENTS

Ms. Friedline:

This is to inform you that the Defendants' Response to Plaintiff's Third Interrogatory and Second Request For Production of Documents contained neither an objection to nor the documents requested in ¶¶ 2(e) and 2(h) of Plaintiff's Third Interrogatory and Second Request For Production of Documents. Your correspondence of 11/30/06 indicated the document requested in 2(h) was included but it was not in the envelope with the other documents. Your correspondence of 11/30/06 makes no mention of the documents requested in 2(e). I would sincerely appreciate it if you would forward the documents, requested in 2(e) and 2(h), to me in a timely manner so it will not be necessary for the Court to become involved in this matter. Respectfully

*Leonard C. Jefferson*

cc: Judge Baxter
    File