IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LEONARD C. JEFFERSON,
      Plaintiff,

v.            '07 JAN 10 A11:49     C.A. NO. 04-44 ERIE

WILLIAM WOLFE, et al.,
      Defendants.

FILED

CLERK
U.S. DISTRICT COURT

PLAINTIFF'S RULE 56(f) MOTION
---

AND NOW comes plaintiff Leonard C. Jefferson pursuant to Rule 56 (f) of Fed.R.Civ.P. and, under penalty of perjury, asserts the following:

I am the plaintiff in this case.

1. PLAINTIFF'S THIRD INTERROGATORY AND SECOND REQUEST FOR PRODUCTION OF DOCUMENTS was mailed to Defense Counsel on 10/29/06.

2. On 11/30/06 Defense Counsel mailed her responses, to PLAINTIFF'S THIRD INTERROGATORY AND SECOND REQUEST FOR PRODUCTION OF DOCUMENTS, to plaintiff.

3. Defense Counsel's responses did not include, or mention, the documents which were requested at ¶ 2(e) of PLAINTIFF'S THIRD INTERROGATORY AND SECOND REQUEST FOR PRODUCTION OF DOCUMENTS.

4. ¶ 2(e) requests "a copy of each document generated prior to, during, and after the Support Team Meeting conducted by the Chaplaincy Department during the summer of 2002 concerning Plaintiff. (See Attachment "A" herein).

5. Said documents are essential to Plaintiff's Retaliation Claim because they indicate the high esteem in which Defendants held Plaintiff -- immediately after conducting a thorough, detailed and intimate scrutinization of his conduct, character and institutional history -- around ninety (90) days before prison officials discovered his poems. The official statements in these (requested) documents support the premise that it was the views expressed in the poems, and those views alone, that formed the basis of the officials' decision

to retaliate.

6. Plaintiff's request at ¶ 2(h) requests "a copy of the DC-43 prepared by Defendant Snider concerning Plaintiff on 07/11/03.

7. Defense Counsel's 11/30/06 letter indicates the DC-43 was enclosed therein.

8. The 07/11/03 DC-43 was not among the documents that Plaintiff received with Counsel's letter.

9. On 12/05/06 Plaintiff mailed a letter to Defense Counsel, RE: FAILURE TO PRODUCE REQUESTED DOCUMENTS, and mailed a copy of the letter to Judge Baxter.

10. Plaintiff's 12/05/06 letter asked Defense Counsel to "forward the documents, requested in 2(e) and 2(h), to me in a timely manner so it will not be necessary for the Court to become involved in this matter."

11. A full month has passed without any response from Defense Counsel.

12. Defendants failure to provide the documents requested in ¶¶ 2(e) and 2(h) cause Plaintiff to be unable to prepare and present Motions For Summary Judgment that are based exclusively upon undisputed facts.

13. On 12/05/06 Plaintiff, pursuant to the 11/28/06 Order of this Court, Doc # 110, mailed REQUESTS FOR ADMISSIONS (from Defendants Beard and McQouwn) to Defense Counsel.

14. As of the date of this Rule 56(f) Motion Plaintiff has not received any response to his 12/05/06 REQUESTS FOR ADMISSIONS.

15. On 12/05/06 Plaintiff also filed a Response To Defendant McKissock's Objections To Plaintiff's Request For Admissions concerning the "Penna. Additive Classification Tool" (PACT).

16. Plaintiff has not, as of the date of this Rule 56(f) Motion, received any response from the Court concerning his 12/05/06 Response To Defendant Mc-

Kissock's Objections.

17. Defendant Beard's responses to Plaintiff's REQUESTS FOR ADMISSIONS are essential to Plaintiff's ability to isolate, and to present in his Motion For Summary Judgment, the undisputed material facts relevant to proving both of his Religious Claims and his Equal Protection Claim. Among other important material facts, Plaintiff expects these admissions will settle matters concerning: (a) the operation of the PA DOC's Prescriptive Program Policy, (b) factors which cause participation in said programs to be mandatory, in practice, rather than recommended, (c) the PA DOC's failure to offer alternative programs that were not offensive to Plaintiff's religious beliefs, (d) the PA DOC's preference for non-religious programs over religious ones, (e) whether or not the PA DOC's alleged-non-religious Prescriptive Programs address "fundamental questions" and "moral issues" such as what is right and/or wrong, (d) whether or not the Prescriptive Programs are based upon "faith in man," as opposed to "faith in God," and (e) whether or not a legitimate penological objective exists which requires Plaintiff (who is serving a sentence of life without parole) to be subjected to adverse consequences for refusing to participate in "recommended" programs that are designed to provide the skills that inmates will need for living productive, law abiding lifes in the community after their release from prison.

18. Defendant McQuown's responses to Plaintiff's REQUEST FOR ADMISSIONS are essential to Plaintiff's ability to isolate, and to present in his Motion For Summary Judgment, the undisputed material facts relevant to his Retaliation Claim. Among other material facts, Plaintiff expects these admissions will settle matters concerning (a) Plaintiff's employment status during the thirteen (13) days between the discovery of his poetry and the removal from his job, (b) the genuineness of relevant documents, (c) Plaintiff's elevation to

"Inmate Peer Leader" some ninety (90) days prior to the discovery of the poems, (d) the (honor) status inherent in being an "Inmate Peer Leader," (e) Defendant McQuown's personal belief in 2002 (when the decision was made to fire Plaintiff) and in 2004 (when the decision was made to re-hire him) that the poems did not make Plaintiff inappropriate for the Chapel Clerk job because, while Defendant McQuown could not identify a single incident wherein Plaintiff had expressed any racial hatred or animosity toward anyone, he had known Plaintiff to maintain pleasant and dignified relationships with everyone in the Chapel; White and Black, male and female, staff and inmates - as Defendant McQuown indicated on the DC-48B, Inmate Progress Report that he submitted concerning Plaintiff.

19. Defendant McKissock's responses to Plaintiff's REQUEST FOR ADMISSIONS are essential to Plaintiff's ability to isolate, and present in his Motion For Summary Judgment, the undisputed material facts relevant to his Religious, Retaliation and Equal Protection claims. Among other important material facts, Plaintiff expects these admissions will settle matters concerning: (a) the exact weight given to each factor (i.e., loss of job, the Misconduct Report that was considered insignificant at the 07/02 Yearly Review but (following the discovery of the poetry in 10/02) was viewed as being intolerable at the 07/03 Yearly Review, the refusal to participate in programs, and, the Housing Performance Reports which indicate Plaintiff's conduct was excellent) considered in the equation used to determine Plaintiff's Custody Level and Housing Status at his Yearly Reviews in 2002 and 2003, (b) the operation of PA DOC policy which caused Plaintiff to be removed from the Honor unit and to have his Custody Level raised for exercising his rights pursuant to all three (3) Clauses of the First Amendment, and (c) how and why participation in programs is mandatory with consequences for failure to participate notwithstanding

one's religious objections to the programs.

WHEREFORE Plaintiff respectfully asks that this Court issue an Order which: (1) requires Defendants to provide the documents requested at ¶¶ 2(e) and 2(h) of PLAINTIFF'S THIRD INTERROGATORY AND SECOND REQUEST FOR PRODUCTION OF DOCUMENTS, (2) require Defendant McKissock to answer the requests for admissions which she objected to on 11/30/06, and (3) extend the 01/12/07 deadline for filing Summary Judgment Motions to a date that is at least twenty-one (21) days after the day upon which Defendants complete service of all of the documents and requests for admissions discussed herein.

Respectfully submitted

*Leonard C. Jefferson*

I HEREBY SWEAR UNDER PENALTY OF PERJURY, PURSUANT TO U.S.C.A. § 1746, THAT THE FOREGOING IS TRUE AND CORRECT UPON MY PERSONAL KNOWLEDGE.

*Leonard C. Jefferson*

Dated: 01/08/06

Leonard C. Jefferson, CL-4135
10745 Rt. 18
Albion, PA 16475-0002

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing PLAINTIFF'S RULE 56(f) MOTION was placed in the mailbox on B/B Unit at SCI-Albion on this 8th day of January, 2007 for delivery by first class U.S. Mail to:

Mary L. Friedline
Senior Deputy Attorney General
OFFICE OF ATTORNEY GENERAL
6th Floor, Manor Plaza
564 Forbes Avenue
Pittsburgh, PA 15219

*Leonard C. Jefferson*
Leonard C. Jefferson, CL-4135
10745 Rt. 18
Albion, PA 16475-0002

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LEONARD C. JEFFERSON,
        Plaintiff,

V.                                       C.A. NO. 04-44 ERIE

WILLIAM WOLFE, et al.,
        Defendants

PLAINTIFF'S THIRD INTERROGATORY AND SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

    NOW COMES Plaintiff LEONARD C. JEFFERSON, pursuant to Rules 33 and 34, Fed.R.Civ.P., and submits the following interrogatory and requests for documents. You are directed to answer the interrogatory in writing under oath, and produce each of the requested documents within 30 days of service.

    1. Defendants have indicated (in their response to questions 4, 5 & 6 of Plaintiff's 08/02/06 Interrogatories) that PA DOC prescriptive programs address criminogenic factors which are neglected and are not addressed by the Religion and teachings of al-Islam. Plaintiff asks Defendants Beard and Boeh to provide a complete list of the criminogenic factors which they believe to be (simultaneously) addressed by PA DOC prescriptive programs while being neglected and not addressed by the Religion and teachings of al-Islam.

    2. Please provide Plaintiff with a copy of the following documents:

    (a) the PA DOC policy that governs prescriptive programs,
    (b) the PA DOC job description that sets forth the duties and responsibilities of a Program Manager (CCPM),
    (c) a copy of each housing unit evaluation, and related documents, that was prepared concerning Plaintiff between 01/01/98 and 01/01/06,
    (d) a copy of each work evaluation, and related documents, that was prepared concerning Plaintiff between 01/01/98 and 01/01/06,
    (e) a copy of each document generated prior to, during and after the Support Team Meeting conducted by the Chaplaincy Department during the summer of 2002 concerning Plaintiff,
    (f) a copy of each document generated after 10/24/02 related to the official decision that Plaintiff was inappropriate for a clerk's position in the Chapel,
    (g) a copy of the DC-43 prepared by Defendant Gamble on 07/20/01 concerning Plaintiff, and,
    (h) a copy of the DC-43 prepared by Defendant Snyder concerning Plaintiff on 07/11/03.

October 29, 2006

*Leonard C. Jefferson* (signature)
Leonard C. Jefferson, CL-4135
10745 Rt. 18
Albion, PA 16475-0002

ATTACHMENT "A"

Leonard C. Jefferson, CL-4135
10745 Rt. 18
Albion, PA 16475-0002
January 8, 2007

Clerk's Office
U.S. District Court
P.O. Box 1820
Erie, PA 16507

RE: JEFFERSON V. WOLFE, ET AL., CA. NO. 04-44 ERIE

Dear Clerk:

Would you please file the enclosed Plaintiff's Rule 56(f) Motion in the above-captioned case.

Thank you for your attention to this matter.

Respectfully

Leonard C. Jefferson

Copy: Ms. Friedline