DC-804
Part 1

CA 0444 E

SCANNED

**COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF CORRECTIONS
P.O. BOX 598
CAMP HILL, PA 17001-0598**

FOR OFFICIAL USE ONLY

58644

GRIEVANCE NUMBER

ONE OF TWO
OFFICIAL INMATE GRIEVANCE

| TO: FACILITY GRIEVANCE COORDINATOR | FACILITY: | DATE: |
|---|---|---|
| Mr. Barr | Albion | 08/04/03 |
| FROM: (INMATE NAME & NUMBER) Leonard C. Jefferson, CL-4135 | SIGNATURE of INMATE: [signature] | |
| WORK ASSIGNMENT: GLP | HOUSING ASSIGNMENT: F/B-60 | |

INSTRUCTIONS:
1. Refer to the DC-ADM 804 for procedures on the inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner.
3. List in Block B any actions you may have taken to resolve this matter. Be sure to include the identity of staff members you have contacted.

**A. Provide a brief, clear statement of your grievance. Additional paper may be used, maximum two pages.**

At my Yearly Review, on 07/11/03, I was informed that my Custody Level had been raised from Level 2 to Level 3; and that this change in my Level would cause me to be removed from A/A (Honor Status). On 07/16/03 I was transferred from A/A to F/B, a Level 3 Housing Unit. ¶ In response to my 07/12/03 DC-135A, Ms. McKissock informed me that the factors which affected my level included: "a misconduct record, the fact that you do not have a job and the issue of your refusal to complete any programming." ¶ In light of the fact that the misconducts which I received on 02/12/02 were not treated as factors which required my level to be raised at my Yearly Review on 07/24/02 it appears that a double standard is being applied in this situation wherein: (1) the 02/12/02 misconducts are now cited as factors which allegedly required my level to be raised at my Yearly review on 07/11/03, (2) my present unemployment is the result of retaliatory/discriminatory actions by staff who routinely assign new jobs immediately to inmates whom they staff out of a job, but failed to provide a new job for me after staffing me out of my job on 11/13/02, and (3) notwithstanding my explanations to my Unit Counselors, that I was refusing to participate in DOC programs because said programs are based upon, and teach, values and principles which oppose the values and principles of my religion; Islam, the DOC is in violation of state and federal constitutional prohibitions against the establishment of a state-sponsored religion when the DOC cites my refusal to participate in programming -- which is offensive to my religion -- as its justification for taking the punitive step of raising my Custody Level.

**B. List actions taken and staff you have contacted, before submitting this grievance.**

I sent a DC-135A to Dept. Kormanic, on 07/20/03, asking that the decisions to raise my Custody Level and move me from the Honor Block be reviewed and reversed. Dept. Kormanic denied this request on 07/24/03 as is evident from the attached DC-135A.

Your grievance has been received and will be processed in accordance with DC-ADM 804.

_____
Signature of Facility Grievance Coordinator            Date

WHITE - Facility Grievance Coordinator Copy   CANARY - File Copy   PINK - Action Return Copy   GOLDENROD - Inmate Copy
Revised
December 2000

9

DC-804
Part 1

TWO OF TWO

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**
P.O. BOX 598
CAMP HILL, PA 17001-0598

FOR OFFICIAL USE ONLY

58644

GRIEVANCE NUMBER

**OFFICIAL INMATE GRIEVANCE**

| TO: FACILITY GRIEVANCE COORDINATOR<br>Mr. Barr | FACILITY:<br>Albion | DATE:<br>08/04/03 |
|---|---|---|
| FROM: (INMATE NAME & NUMBER)<br>Leonard C. Jefferson, CL-4135 | SIGNATURE of INMATE: | |
| WORK ASSIGNMENT:<br>GLP | HOUSING ASSIGNMENT:<br>F/B - 60 | |

INSTRUCTIONS:
1. Refer to the DC-ADM 804 for procedures on the inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner.
3. List in Block B any actions you may have taken to resolve this matter. Be sure to include the identity of staff members you have contacted.

A. Provide a brief, clear statement of your grievance. Additional paper may be used, maximum two pages.

I respectfully assert that -- the staff's failure to cite/state any legitimate or constitutionally acceptable reasons to require and/or to justify its decisions to: (1) raise my Custody Level from Level 2 to Level 3, and (2) for removing me from A/A (the Honor Block) -- requires that my Custody Level be returned to Level 2, that I be returned to housing on A/A (the Honor Block), and that staff refrain from attempting to take punitive actions against me for my constitutionally protected refusal to participate in DOC programs which are neither based upon nor teach Islamic value and principles (exclusively).

B. List actions taken and staff you have contacted, before submitting this grievance.

Your grievance has been received and will be processed in accordance with DC-ADM 804.

_____          _____
Signature of Facility Grievance Coordinator                              Date

WHITE - Facility Grievance Coordinator Copy   CANARY - File Copy   PINK - Action Return Copy   GOLDENROD - Inmate Copy

Revised
December 2000

10

DC-804
Part 1

PAGE ONE OF TWO

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**
P.O. BOX 598
CAMP HILL, PA 17001-0598

FOR OFFICIAL USE ONLY
38293

GRIEVANCE NUMBER

**OFFICIAL INMATE GRIEVANCE**

| TO: FACILITY GRIEVANCE COORDINATOR<br>Mr. Barr | FACILITY:<br>Albion | DATE:<br>12/08/02 |
|---|---|---|
| FROM: (INMATE NAME & NUMBER)<br>Leonard C. Jefferson, CL-4135 | SIGNATURE of INMATE:<br>*Leonard C. Jefferson* | |
| WORK ASSIGNMENT:<br>GLP | HOUSING ASSIGNMENT:<br>A/A-59 | |

INSTRUCTIONS:
1. Refer to the DC-ADM 804 for procedures on the inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner.
3. List in Block B any actions you may have taken to resolve this matter. Be sure to include the identity of staff members you have contacted.

A. Provide a brief, clear statement of your grievance. Additional paper may be used, maximum two pages.

On 11/13/02 a Support Team met and recommended that my employment as a Chapel Clerk be terminated. On 11/14/02 the Employment Coordinator informed me that me employment in the Chapel, at 42¢ per hour had been terminated and that I had been assigned to GLP, at 72¢ per day. In light of the reasons stated in my 11/25/02 letter to Deputy Kormanic (which is attached) and the following, I assert in this Grievance that the actions of the Support Team and Employment Coordinator were/are (1) without justification, and (2) were carried out in retaliation against me in response to my personal opinions (about my experience, as a Black man, in this state's courts) which Mrs. Brennan happened to find expressed written in lines of poetry on the back of a newspaper article. ¶ On 10/24/02 Nation Of Islam Chaplain Michael Anderson- unaware that the poetry was on the back of the article -asked Mrs. Brennan if she would make a (single) copy of the ARTICLE for him and return the original to me. Mrs. Brennan copied the ARTICLE which she had been asked to copy and she copied the poetry which she had not been asked to copy. She gave Mr. Anderson the copy he had requested and the original was returned to me. ¶ There was no "incident" on 10/24/02, nor at any other time, on the job about which it has been, or could be, said that my attitude and performance was "poor". This is clear from the records which indicate that I have presently been housed on the Honor Block for about 50 months. My Housing Unit and Employment Evaluations -and especially the August 2002 Evaluation wherein it was determined that my attitude and conduct was such that it qualified me to be, and I actually advanced to the position of, an Inmate Peer leader in the Chaplaincy Department; these records indicate that my attitude was not perceived as being "poor" until

B. List actions taken and staff you have contacted, before submitting this grievance.

It was necessary for me to send DC-135As to Ms. Gamble, Mr. Bentley, Chap. McQuown and Dept. Kormanic to obtain written statements of the reasons why they terminated my employment in the Chapel, (see attached DC-135As). After receiving their reasons, I sought an informal resolution of the matter via a 11/25/02 letter (which is also attached) to Dept. Kormanic. Dept. Kormanic did not respond to my request for an informal resolution.

Your grievance has been received and will be processed in accordance with DC-ADM 804.

_____
Signature of Facility Grievance Coordinator                                                       Date

WHITE - Facility Grievance Coordinator Copy   CANARY - File Copy   PINK - Action Return Copy   GOLDENROD - Inmate Copy

Revised
December 2000

40

DC-804
Part 1

PAGE TWO OF TWO

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**
P.O. BOX 598
CAMP HILL, PA 17001-0598

FOR OFFICIAL USE ONLY

38293

GRIEVANCE NUMBER

**OFFICIAL INMATE GRIEVANCE**

| TO: FACILITY GRIEVANCE COORDINATOR<br>Mr. Barr | FACILITY:<br>Albion | DATE:<br>12/08/02 |
|---|---|---|
| FROM: (INMATE NAME & NUMBER)<br>Leonard C. Jefferson, CL-4135 | SIGNATURE of INMATE:<br>*Leonard C. Jefferson* | |
| WORK ASSIGNMENT:<br>GLP | HOUSING ASSIGNMENT:<br>A/A-59 | |

INSTRUCTIONS:
1. Refer to the DC-ADM 804 for procedures on the inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner.
3. List in Block B any actions you may have taken to resolve this matter. Be sure to include the identity of staff members you have contacted.

A. Provide a brief, clear statement of your grievance. Additional paper may be used, maximum two pages.

after 10/24/02 when Mrs. Brennan found and distributed the poetry. Neither my good attitude nor the excellence of my work declined at any time; it was/is the perception of those who were annoyed by the poetry that declined and became "poor"... so poor that they found it necessary to take revenge and to conjure up a pretext which might give an appearance of justification to their naked acts of vengeance. ¶ Notwithstanding their official statements, on the DC-135As which are attached, that my possession of the Article and poetry posed a threat to the orderly running of the institution, (1) no security investigation has been conducted, (2) neither the Article nor the poetry have been confiscated, and (3) no misconduct report(s) have been issued. And notwithstanding the official statement of Chap. McQuown that he found it necessary to terminate my employment in the Chapel because that job gave me "access to many inmates to spread this disruptive material & views" to; I have been given a new assignment which allows me to have even more access to a larger number of inmates than I had when I was employed in the Chapel. This makes clear the fact that neither I, nor the article, nor the poetry posed any real threat and that the actions taken to remove me from my job were/are nothing more than acts of retaliation by those who found reason to be personally offended by the poetry. ¶ In light of these facts I assert: (1) the decision of the Support team should be nullified and removed from my records, (2) the actions of the Employment Coordinator, in terminating my employment in the Chapel, should be reversed and I should be returned to work and be paid 42¢ per hour for each day that I was off the job between 11/14/02 and my actual return to a work assignment at that rate of pay.

B. List actions taken and staff you have contacted, before submitting this grievance.

Your grievance has been received and will be processed in accordance with DC-ADM 804.

_____          _____
Signature of Facility Grievance Coordinator                              Date

WHITE - Facility Grievance Coordinator Copy   CANARY - File Copy   PINK - Action Return Copy   GOLDENROD - Inmate Copy

Revised

4b