**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| LEONARD C. JEFFERSON, | } |
| | } |
| Plaintiff, | } |
| | } No. 1:04-cv-44 |
| vs. | } |
| | } Chief Magistrate Judge Baxter |
| WILLIAM WOLFE, et al., | } |
| | } |
| Defendants. | } |

**DEFENDANTS' REPLY TO
PLAINTIFF'S STATEMENT OF DISPUTED FACTS**

Defendants, by their attorneys, Tom Corbett, Attorney General, Christian D. Bareford, Deputy Attorney General, Susan J. Forney, Chief Deputy Attorney General, Chief Litigation Section, submits the following Response to Plaintiff's Statement of Disputed Facts:

As a general response, the paragraphs contained in Plaintiff's Statement of Disputed Fact are generally in the nature of mere allegations or denials of the Defendants' motion (Doc. # 115) and Concise Statement of Material Facts Not in Dispute (Doc. # 117) and argument.

**I. PLAINTIFF'S RELIGIOUS CLAIMS**

1. Denied as failing to set forth specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e). Further, while participation in all programs is strictly voluntary, progress or lack of progress in dealing with weaknesses and/or problem areas will be one of the factors taken into consideration for all actions requiring staff support such as recommendations for program level changes, job changes, pre-release, commutation, and parole. See Doc. # 117, paragraphs 23 & 31; see also, Doc. # 118, pp. 52 & 53.

2. Denied as failing to set forth specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e).

3. Denied as failing to set forth specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e).

4. Denied as failing to set forth specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e).

5. Denied as failing to set forth specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e).

6. Denied as failing to set forth specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e).

7. Denied as failing to set forth specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e).

8. Denied as failing to set forth specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e).

9. Denied as failing to set forth specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e).

10. Denied as failing to set forth specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e).  See also, Doc. # 118, pp. 25-51, SCI-Albion Inmate Program Catalog, detailing, among other things, nine (9) different Muslim programs available to Plaintiff at SCI-Albion.

11. Denied as failing to set forth specific facts showing that there is a genuine issue for trial, Fed.R.Civ.P. 56(e), and as not material.  Sharon Burks is no longer a defendant in this action, nor does Plaintiff have any claim associated with grievance number 58644.  Doc. # 85.

12. Denied as failing to set forth specific facts showing that there is a genuine issue for trial, Fed.R.Civ.P. 56(e), and as not material.  Sharon Burks is no longer a defendant in this action, nor does Plaintiff have any claim associated with grievance number 58644.  Doc. # 85.

13. Denied as failing to set forth specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e).

14.  Denied as failing to set forth specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e).  The goal of every program offered by the Bureau of Inmate Services is to have each inmate:

    a. Understand the effects and consequences that his criminal behavior had on victims, his family, and the community, and for the inmate to accept personal responsibility for his behavior;

    b. Demonstrate an appropriate respect for authority, his fellow inmates, and for himself by better understanding what it means to be a member of a community;

    c. Understand the high risk of re-offending;

    d. Describe resources and intervention strategies for support to establish and maintain successful community adjustment.

See Doc. # 117, paragraph 5; see also, Doc. # 118, pp. 4-24.

15. Denied as failing to set forth specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e).

16. Denied as failing to set forth specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e).

17. Denied as failing to set forth specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e).

18. Denied as failing to set forth specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e).

19. Denied as failing to set forth specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e).

20. Denied as failing to set forth specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e).

21. Denied as failing to set forth specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e).

22. Denied as failing to set forth specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e).

23. Denied as failing to set forth specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e).

24. Denied as failing to set forth specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e).

25. Denied as failing to set forth specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e).

26. Denied as failing to set forth specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e).

27. Denied as failing to set forth specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e).

28. Denied as failing to set forth specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e).

29. Denied as failing to set forth specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e).

30. Denied as failing to set forth specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e).

31. Denied as failing to set forth specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e).

32. Denied as failing to set forth specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e).

33. Denied as failing to set forth specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e).

34. Denied as failing to set forth specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e).

35. Denied as failing to set forth specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e).

36. Denied as failing to set forth specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e).

37. Denied as failing to set forth specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e). The Pennsylvania Department of Corrections Office of Planning, Research, Statistics, and Grants tracks empirical studies of research associated with corrections. Doc. # 118, pp. 58-94. Statistical research demonstrates that prison treatment programs do contribute to reductions of at least 10 percentage points in incidents of prison misconduct by inmates. Id. Furthermore, statistics reveal that reduction of prison misconduct is even greater in behavioral treatment programs with an average reduction by 26 percentage points in the incidence of misconduct reports. Id.

38. Denied as failing to set forth specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e).

39. Denied as failing to set forth specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e).

## II. PLAINTIFF'S RETALIATION CLAIM

40. Denied as failing to set forth specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e).

41. Denied as failing to set forth specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e).

42. Denied as failing to set forth specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e).

43. Denied as failing to set forth specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e).

44. Denied as failing to set forth specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e).

45. Denied as failing to set forth specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e).

46. Denied as failing to set forth specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e), and as not material. Plaintiff was removed from his position as Chapel Clerk because having the copy of the newspaper article with poetry on the reverse side in his possession, after previously being warned not to voice concerns about racial injustice in prison, was disruptive. Doc. # 117, paragraphs 69 & 70.

47. Denied as failing to set forth specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e) and as not material. None of Inmates Johnson, Twillie, Robinson, El, Ireland, or Elliott ever had permission of Defendant McQuown to bring personal reading material into the Chapel Clerk work site, they had not been previously warned about voicing concerns about racial injustice in the chapel area, concomitantly, none had disregarded any previous warning not to voice concerns about racial injustice by bringing poetry containing lines such as, "there ain't no justice for you here if you ain't white", and "courts remain one of America's most racist places" into the work site. Compare, Doc. # 127, pp. 62-72 with Doc. # 117 paragraphs 56-70.

48. Denied as failing to set forth specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e). Denied that Plaintiff had the "express approval" to bring the newspaper article/poetry into the work site. Doc. # 117, paragraphs 56-70. Quite the contrary, Plaintiff had previously been warned not to voice the subject matter contained within the writings in the chapel area. Id.

49. Denied as failing to set forth specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e). Plaintiff has no automatic right to receive a misconduct report as part of the process of removal from his work assignment. Doc. # 118, page 125.

50. Denied as failing to set forth specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e). Plaintiff was removed from his position because having the material in the work site was disruptive after being warned not to voice such issues, not simply for possessing the material. Doc. # 117, paragraphs 56-70; see also, Doc. # 127, Appendix to Plaintiff's Brief in Opposition, pp. 37, 48-50, 61.

51. Denied as failing to set forth specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e).

52. Denied as failing to set forth specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e).

53. Denied as failing to set forth specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e).

54. Denied as failing to set forth specific facts showing that there is a genuine issue for trial. Fed.R.Civ.P. 56(e).

        Respectfully submitted:

        Tom Corbett
        Attorney General

        \s\ Christian D. Bareford
        Christian D. Bareford
        Deputy Attorney General
        PA. I.D. No. 83982

        Susan J. Forney
        Chief Deputy Attorney General
        Litigation Section

March 8, 2007

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEONARD C. JEFFERSON, | } |
| Plaintiff, | } |
| vs. | } No. 1:04-cv-44 |
| WILLIAM WOLFE, et al., | } Chief Magistrate Judge Baxter |
| Defendants. | } |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the within **Defendants' Reply to Plaintiff's Statement of Disputed Facts** was electronically filed with the Court and served upon the following via first-class mail:

LEONARD JEFFERSON
CL-4135
SCI-Albion
10745 Route 18
Albion, PA 16475-0001

               /s/ Christian D. Bareford
               CHRISTIAN D. BAREFORD
               Deputy Attorney General

OFFICE OF ATTORNEY GENERAL
6th Floor, Manor Complex
564 Forbes Avenue
Pittsburgh, PA  15219

(412) 565-7680

Date:   March 8, 2007